DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

# STATE OF NEW JERSEY.

## MARCH TERM, 1866.

---

### THOMAS E. ALLEN v. DANIEL TYLER.

A writ of error will not lie to remove into this court a decision of the Supreme Court, denying the application of a defendant to be discharged from arrest in a civil suit, upon a contract, when the order for a *capias ad respondendum* was founded on affidavits that the debt had been fraudulently contracted.

---

The defendant was arrested on a *capias ad respondendum* from the Supreme Court, in an action founded on a contract, by virtue of a judge's order to hold him to bail, and which order was grounded on affidavits to the effect that the debt had been fraudulently contracted. By force of the act of 1861, (*Nix. Dig.* 684,) and on application of the defendant in the mode therein prescribed, counter testimony was taken touching the question of fraud. The motion to discharge the defendant on common bail, on the strength of the case thus made, came on for argument, by consent of counsel,

499

before the branch court, instead of being heard by a single judge. The court denied the motion, and from that decision a writ of error was brought to this court. On the case being called, the counsel for the defendant in error moved to dismiss the writ.

For proceedings in the court below, see 2 *Vroom* 441.

*J. Vanatta* and *T. N. McCarter*, for plaintiff in error.

*T. Little*, for defendant.

The opinion of the court was delivered by

THE CHIEF JUSTICE. It was conceded on the argument of this motion, by the counsel of the respective parties, that unless the decision of the court below was final in its character, a writ of error to remove it for review into this court would not lie. But the ground was taken, in behalf of the plaintiff in error, that the legislature, by various statutes, and by an organized method of proceeding, had authorized the trial, upon testimony of the question of the alleged fraud of the defendant, and that this question was definitively settled in the present case, by the refusal of the court to discharge on common bail.

This position, we think, is not tenable. The order thus made was clearly not final, in the sense of that term, as applicable to that class of judgments which are removable by writs of error. It is true that the action of the court was, for the time being, final upon the question of the fraudulent conduct of the party. But in the same sense, and to the same extent, are all interlocutory orders or awards of the court. They all conclude, for the time, the matters to which they appertain. Thus, the refusal to quash a summons for an alleged defect in the service—an order to strike out a plea or a count in a declaration, and all determinations of a similar character, are final and conclusive on the parties during the progress of the cause, and until it attains its

end. Such interlocutory orders or judgments may be errone-ous, but no writ of error will lie to set them aside until the action of the court below has reached its final stage. This is the familiar doctrine of the books, and appears to have been the settled practice at common law, from the earliest times. Much of the ancient learning on the subject will be found collected in Metcalfe's case, (11 *Rep.* 38.) That was an action for an account, and judgment had been rendered, *quod computet,* upon which a writ of error was brought. But, in the language of the report, "it was resolved by the whole court that the writ of error upon this judgment, *quod computet,* before the final judgment, lay not." And yet it will be observed that this judgment, as to the matter which it embraced, was final, for it settled the liability of the defendant to account. But as it was an intermediate and not the ultimate step in the cause, it was held, the record, until completed, could not be removed. The authorities cited in this case fully sustain the practice adopted, and show that it had existed, as the established course of proceeding, from a very remote period.

Nor does it appear that, in modern times, there has been any relaxation of the stringency of this rule. *Barkley* v. *War-wick, Cro. Eliz.* 635 ; *Samuel* v. *Judin,* 6 *East* 333 ; *Finch* v. *Renew,* 3 *Salk.* 145 ; *Tolson* v. *Kaye,* 6 *Man. & Gran.* 589 ; *Herbert* v. *Sayer,* 5 *Adol. & El. (N. S.)* 981, *note a.* And in the case of *The State* v. *Wood,* 3 *Zab.* 560, in this court, the doctrine was not only recognized, but acted upon. The result, therefore, is, that it must be considered as the settled rule of practice that a judgment, or an order, or award in the nature of a judgment, to be removable by writ of error, must be final in the suit, not as to an intermediate or incidental particular, but with regard to the principal matter in controversy in the action. And it is believed that the practice of this court has always been in exact accordance with this rule, and that all the cases over which cognizance has been taken can be embraced within its limits. Thus, falling within this classification, were the decisions of the Supreme Court on the following subjects, viz. : an order to set aside the proceedings of an election, fixing

the location of a court-house, *State* v. *Justices, &c., of Middle-sex, Coxe* 244; on proceedings to lay out an highway, *Matter of Highway*, 1 *Harr*. 345; on an order of filiation, *Hawkins* v. *The State*, 1 *Zab*. 630; on an assessment incident to the construction of a sewer, by virtue of a municipal charter, *State* v. *Newark*, 1 *Dutcher* 399; on an order refusing to set aside an award, *Eames* v. *Stiles*, decided in March Term, 1864.* It will not fail to be perceived, that in all these instances there was a definitive determination of the principal matter involved in the proceedings. In the severest sense, they were orders, in the nature of final judgments, concluding the substantial question, to decide which the proceedings had been instituted. The practice of the court, upon this subject, must be regarded as entirely at rest.

Tested by this criterion, then, it is clear that the decision complained of in this case, was not a final order or judgment. It was simply an incidental order, regulating, in one respect, the form of proceeding. It did not differ, in kind, from the ordinary order to hold to bail, or a refusal to discharge on common bail, in an action of tort. It is true that the legislature has required, in actions founded on contract, that the order for bail shall be based on the proof of facts, which it was not formerly necessary to prove to warrant judicial action. But the character, or the amount of the evidence requisite, cannot alter the substantial nature of the proceeding. It is still an order for bail, and nothing more. It certainly should require a clear manifestation of a legislative intent to introduce the innovation, before this court should be called upon to so depart from its settled practice as to permit a suit at law, in its initial stage, to be arrested and brought here for review. The principal, if not the only, argument in favor of such a proposition was, that as the liberty of the citizen was a constitutional right of pre-eminent importance, it was not to be conceived that it was the design to subject such right, ultimately to the determination of any

* See 2 *Vroom* 490.

Allen v. Tyler.

tribunal inferior to the court of last resort. But the answer to this consideration is obvious. The court below, in this class of cases, does not decide conclusively upon the liberty of the party, but merely requires him to give bail. And this is not a new power, but is one which has always been possessed by the judiciary. In actions for wrongs, it still exists in its common law extent, and on accusations of crime, it is a function which is shared with magistrates of the most inferior grade. Besides this, the entire frame and scope of the several acts regulating the proceeding before the judge who is authorized to decide the question of bail, seem strongly to imply that his opinion is not, at least as connected with the *capias ad respondendum*, susceptible of being reviewed on writ of error. And this view is certainly forcibly corroborated by the consideration, that if this process will lie to the decision of the subordinate court, the statute permitting the defendant to dispute the case made by the plaintiff, will be deprived of all its substantial utility. It is obvious that the provision would afford but a precarious protection to defendants, if plaintiffs could, at will, arm themselves with writs of error, which have only to be presented, in order to strip a decision ordering a discharge on common bail of all its efficacy.

From these, among other considerations, it is not conceived that it was the design of the law-makers to innovate upon the established practice of this court, in the particular just discussed, and as the writ of error in this case is not in conformity with such practice, it should be dismissed, with costs.

*For dismissal*—BEASLEY, C. J., CORNELISON, DALRIMPLE, ELMER, FORT, KENNEDY, BEDLE, VAIL, VREDENBURGH, WALES, WOODHULL. 11.

*Contra*—None.